UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAIMIE MCCANN** | **CIVIL ACTION NO. 09-1958-P** |
| **VERSUS** | **JUDGE STAGG** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jaimie McCann ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 18, 2009. Plaintiff is currently incarcerated at the Rapides Parish Dention Center, but claims his claims his civil rights were violated by prison officials while incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana. He names James LeBlanc, Warden Anthony Batson, Dr. Tucker, Dr. Daniels, Dr. Hearne, Dr. Low, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections as defendants.

Plaintiff claims that on July 6, 2009, he was transferred to the Forcht Wade Correctional Center and placed in the skilled nursing facility in order to take him off of his medications. He claims Defendants committed medical malpractice by doing this. He

claims he was denied the medications he had been taking for ten years for extreme anxiety. He claims prison officials told him that he would not be prescribed clonazepam, Ritalin, Soma or Percocet because they were too expensive and could be sold to other inmates. He claims no other medications are effective for his problems. Plaintiff claims his numerous requests for treatment were ignored. He claims he requested medications through sick calls on August 26, 2009, September 21, 2009, and October 1, 2009. He claims he was charged for the sick call, but not prescribed medications. He admits he was given Ibuprofen and Seniquan. He claims he suffered repeated seizures and constipation for extended periods of time because he was denied his medications.

Plaintiff claims after he was denied clonazepam, he suffered mental health issues, seizures, TMJ, ADD, back pain, and migraine headaches. He claims he was in severe pain for four months and his motor skills deteriorated because he was denied medications. He claims he must now take three times as much medication to control his symptoms. He claims his mental health was damaged and his ADD is difficult to control because he was denied medications.

Plaintiff claims that upon his arrival at Forcht Wade Correctional Center, he notified the medical staff that he needed dental work. He claims he was not allowed to immediately see a dentist because he was housed in Ward C. He claims he saw a dentist, but his pleas for treatment were ignored. He claims his teeth should have been pulled so he would not grind them into his gums and he should have been given dentures. He claims he was unable to eat because of his dental condition. He claims the teeth he had left caused holes in his

gums because he grinded his teeth due to TMJ. He claims he was refused Soma to help with the TMJ because Dr. Daniels said he did not need a muscle relaxer.

Plaintiff claims James LeBlanc denied his grievances regarding the denial of medical and dental care in the final step of the administrative remedy process.

Plaintiff claims that on October 12, 2009, he was transferred to Winn Correctional Center and received medical and dental care and treatment. He claims he was prescribed medications for his conditions and his teeth were pulled. Plaintiff claims he is currently diagnosed with paranoid schizophrenia, stomach ulcers, seizures, mental health issues, back pain, and migraine headaches.

Plaintiff claims that he was diagnosed with Hepatitis C while incarcerated at Forcht Wade Correctional Center. He claims he did not have Hepatitis C prior to his incarceration at Forcht Wade Correctional Center. Plaintiff claims he contracted Hepatitis C through a blister on his ankle from being forced to wear his boots without socks. He claims the shower was backed up and some of the dirty water splashed on the blister on his ankle. He claims after his wound was splashed, he developed a rash on both his feet. He further claims his entire body began to swell.

As relief, Plaintiff seeks free medical and dental treatment and monetary compensation for physical and mental suffering.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Medical and Dental Care Claims**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical/dental care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical/dental care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff claims he was denied adequate medical care for his pre-existing medical conditions. He claims he was placed in the skilled nursing facility in order to take him off

of the medications he had been taking for ten years. He claims Defendants committed medical malpractice when they discontinued his medications.

Plaintiff also claims he was not allowed to immediately see a dentist upon his arrival at Forcht Wade Correctional Center. He further claims that one he saw the dentist, his pleas for treatment were ignored. He claims all of his remaining teeth should have been pulled and he should have been given dentures. He further claims Dr. Daniels refused to prescribe a muscle relaxer for him.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical and dental needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was housed in the skilled nursing facility at the Forcht Wade Correctional Center. He further admits he was seen for sick calls on August 26, 2009, September 21, 2009, and October 1, 2009. He also admits he was given Ibuprofen and Senquin. He further claims his previously prescribed medications should not have been discontinued. He further admits he was seen by a dentist.

In Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir.1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. Rather, it indicated that the doctors had differing opinions as to the appropriate method of treatment under the circumstances. Therefore, the medical staff at Forcht Wade Correctional Center was under no obligation to follow the recommendations of non-prison physicians. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical or dental treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical and dental care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical and dental claims should be dismissed with prejudice as frivolous.

**Hepatitis C Claim**

Plaintiff claims he contacted Hepatitis C through a blister while standing in dirty water in the shower. Negligently inflicted injury does not amount to a constitutional violation merely because the victim is a prisoner. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Quite simply, Plaintiff's claim is a negligence tort law claim. Although Plaintiff's jailors owe a special duty of care to those in their custody under state law, the Due Process Clause of the Fourteenth Amendment does [not] embrace such a tort law concept. Daniels at 335-36. Simple negligence does not state a claim for denial of due process in violation of the Fourteenth Amendment.

Accordingly, Plaintiff's Hepatitis C claims should be dismissed with prejudice as frivolous.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C.

§ 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of February 2013.

                                                          MARK L. HORNSBY
                                     UNITED STATES MAGISTRATE JUDGE